Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
**DONIGER / BURROUGHS APC**
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>JC PENNEY COMPANY, INC., a Texas corporation; NORDSTROM, INC., a Washington corporation; K & G FASHION INC. a California corporation; IDEELI, INC., a New York corporation; CONWAY STORES, INC., a New York corporation; A&E STORES, INC., a New Jersey corporation, individually and doing business as "STRAWBERRY"; STEIN MART, INC., a Florida corporation; ROSS STORES, INC., a California corporation; THE TJX COMPANIES, INC., a Delaware corporation individually and doing business as "MARSHALLS"; 10 SPOT OF KEARNY, LLC, a New Jersey limited liability company, individually ad doing | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

- 1 -

business as "MADRAG" and "10 SPOT
PLUS"; BIG M, INC., individually and
doing business as "MANDEE";
BURLINGTON COAT FACTORY
DIRECT CORPORATION, a New Jersey
corporation, individually and doing
business as "MODECRAFT"; CENTURY
21 DEPARTMENT STORES, LLC, a
New York Limited Liability Company;
STAGE STORES, INC., a Nevada
Corporation; HANESBRANDS, INC., a
Maryland corporation, individually and
doing business as "MAIDENFORM";
JOYCE LESLIE, INC., a New York
corporation; BOSCOV'S DEPARTMENT
STORES, LLC, a Pennsylvania Limited
Liability Company; R&R GOLDMAN &
ASSOCIATES, INC., an Illinois
Corporation, individually and doing
business as "DISCOVERY CLOTHING
COMPANY"; DILLARD'S, INC., a
Delaware corporation; NATIONAL
STORES, INC., a California corporation,
individually and doing business as
"FALLAS"; THE CATO CORP., a
Delaware corporation; TILLY'S, INC., a
California corporation; DAFFYS, INC., a
New Jersey corporation; and DOES 1
through 10,

Defendants.

Plaintiff KLAUBER BROTHERS, INC. (hereinafter "KLAUBER"), by and
through its undersigned attorneys, hereby prays to this honorable Court for relief
based on the following:

- 2 -

COMPLAINT

## JURISDICTION AND VENUE

1.   This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.   This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.   Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.   Plaintiff KLAUBER BROTHERS, INC. ("KLAUBER" or "Plaintiff") is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York.

5.   Plaintiff is informed and believes and thereon alleges that Defendant JC PENNEY COMPANY, INC., ("JCP") is a corporation organized and existing under the laws of the state of Texas, and is doing business in and with the state of California;

6.   Plaintiff is informed and believes and thereon alleges that Defendant JC NORDSTROM, INC., ("NORDSTROM") is a corporation organized and existing under the laws of the state of Washington, and is doing business in and with the state of California;

7.   Plaintiff is informed and believes and thereon alleges that Defendant K & G FASHION INC. ("K&G") is a corporation organized and existing under the laws of the state of California;

8.   Plaintiff is informed and believes and thereon alleges that Defendant IDEELI, INC. ("IDEELI") is a corporation organized and existing under the laws of the state of New York, and is doing business in and with the state of California;

9.   Plaintiff is informed and believes and thereon alleges that Defendant

CONWAY STORES, INC., ("CONWAY") is a corporation organized and existing under the laws of the state of New York, and is doing business in and with the state of California;

10. Plaintiff is informed and believes and thereon alleges that Defendant A&E STORES, INC., individually, and doing business as "Strawberry" (collectively "A&E") is a corporation existing under the laws of the state of New Jersey, and is doing business with the state of California;

11. Plaintiff is informed and believes and thereon alleges that Defendant STEIN MART, INC. ("STEIN MART"), is a corporation organized and existing under the laws of the state of Florida, and is doing business in and with the state of California;

12. Plaintiff is informed and believes and thereon alleges that Defendant ROSS STORES, INC. ("ROSS") is a corporation organized and existing under the laws of the state of California;

13. Plaintiff is informed and believes and thereon alleges that Defendant THE TJX COMPANIES, INC., individually and doing business as "MARSHALLS" (collectively, "TJX"), is a corporation organized and existing under the laws of the state of Delaware, and is doing business in and with the state of California;

14. Plaintiff is informed and believes and thereon alleges that Defendant 10 SPOT OF KEARNY, LLC, individually and doing business as "MADRAG" and "10 SPOT PLUS" (collectively, "10 SPOT") is a limited liability company organized and existing under the laws of the state of New Jersey, and is doing business in and with the state of California;

15. Plaintiff is informed and believes and thereon alleges that Defendant BIG M, INC., individually and doing business as "MANDEE" (collectively, "MANDEE"), is a corporation organized and existing under the laws of the state of New Jersey, and is doing business in and with the state of California;

16. Plaintiff is informed and believes and thereon alleges that Defendant BURLINGTON COAT FACTORY DIRECT CORPORATION, individually and

- 4 -

COMPLAINT

doing business as "MODECRAFT" (collectively, "BURLINGTON") is a corporation organized and existing under the laws of the state of New Jersey, and is doing business in and with the state of California;

17. Plaintiff is informed and believes and thereon alleges that Defendant CENTURY 21 DEPARTMENT STORES, LLC, ("CENTURY 21") is a New York Limited Liability Company, and is doing business with the state of California;

18. Plaintiff is informed and believes and thereon alleges that Defendant STAGE STORES, INC. ("STAGE") is a corporation organized and existing under the laws of the state of Nevada, and is doing business in and with the state of California;

19. Plaintiff is informed and believes and thereon alleges that Defendant HANESBRANDS, INC., individually and doing business as "MAIDENFORM" (collectively, "HANES"); is a corporation organized and existing under the laws of the state of Maryland, and is doing business in and with the state of California,

20. Plaintiff is informed and believes and thereon alleges that Defendant JOYCE LESLIE, INC. ("JOYCE") is a corporation organized and existing under the laws of the state of New York is doing business in and with the state of California;

21. Plaintiff is informed and believes and thereon alleges that Defendant BOSCOV'S DEPARTMENT STORES, LLC, ("BOSCOV'S") is a limited liability company organized and existing under the laws of the state of Pennsylvania, and is doing business in and with the state of California;

22. Plaintiff is informed and believes and thereon alleges that Defendant R&R GOLDMAN,& ASSOCIATES, INC., individually, and doing business as "DISCOVERY CLOTHING COMPANY" (collectively "DISCOVERY") is a corporation organized and existing under the laws of the state of Illinois, and is doing business in and with the state of California;

23. Plaintiff is informed and believes and thereon alleges that Defendant DILLARD'S, INC. ("DILLARDS") is a corporation organized and existing under

- 5 -

the laws of the state of Delaware and is doing business in and with the state of California;

24. Plaintiff is informed and believes and thereon alleges that Defendant NATIONAL STORES, INC., individually and doing business as "FALLAS," (collectively, "NATIONAL") is a corporation organized and existing under the laws of the state of California;

25. Plaintiff is informed and believes and thereon alleges that Defendant THE CATO CORP. ("CATO") is a corporation organized and existing under the laws of the state of Delaware, and is doing business in and with the state of California;

26. Plaintiff is informed and believes, and thereon alleges, that Defendant TILLY'S, INC. ("TILLYS") is a corporation organized and existing under the laws of the state of California;

27. Plaintiff is informed and believes and thereon alleges that Defendant DAFFY'S, INC. ("DAFFYS") is a corporation organized and existing under the laws of the state of New Jersey and is doing business in and with the state of California.

28. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

29. Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the

- 6 -

COMPLAINT

infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

30. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## **CLAIMS RELATED TO DESIGN 7725**

31. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design Number 7725 (hereinafter "Subject Design A"). This artwork is an original creation, and is, and at all relevant times was, owned exclusively by Plaintiff. A true and correct image of Subject Design A is provided below:

///

///

- 7 -

COMPLAINT

<u>Subject Design A</u>



32. Plaintiff applied for and received a United States Copyright Registration covering the Subject Design A.

33. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design A to numerous parties in the fashion and apparel industries.

34. Following this distribution of product bearing the Subject Design A, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design A, and were selling fabric and garments bearing illegal reproductions and/or derivations of the Subject Design A.

35. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, the above-named Defendants, and certain DOE defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring designs which are identical to or substantially similar to the Subject Design A (hereinafter "Infringing Garment A"). Such garments include, but are not limited to, the following:

    a.  Garments sold or offered for sale by JCP; NORDSTROM; K&G; IDEELI; CONWAY; A&E; STEIN MART; TJX; 10 SPOT; MANDEE; BURLINGTON; CENTURY 21; STAGE; HANES;

COMPLAINT

JOYCE; BOSCOVS; DISCOVERY; DILLARDS; NATIONAL; CATO; TILLYS; and DAFFYS, INC., under vendor Adj. Style Numbers 153769; B22309; 182309; 152309; 133588; 123588; B24153; B23122; 513122; 183122; 122539; 122540; 192309; B23748; 123748; 502758; 562758; 193773; 153773; 123773; 512514; 522514; 562514; or 562511. Plaintiff is informed and believes, and thereon alleges, that such Infringing Garment A was supplied by International Intimates, Inc. Below are true and correct images of a non-exclusive exemplar of one such garment:

**Infringing Garment A Exemplar**



36. Comparing the images above with that of Subject Design A makes apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are substantially similar.

1

## CLAIMS RELATED TO DESIGN 7179

2  37.Prior to the conduct complained of herein, Plaintiff composed an original

3  two-dimensional artwork for purposes of textile printing. It allocated this design

4  Plaintiff's Internal Design Number 7179 (hereinafter "Subject Design B"). This

5  artwork is an original creation, and is, and at all relevant times was, owned

6  exclusively by Plaintiff. A true and correct image of Subject Design B is provided

7  below:

8

Subject Design B

9
10
11
12
13  
14
15

16

17  38. Plaintiff applied for and received a United States Copyright Registration

18  covering the Subject Design B.

19  39. Prior to the acts complained of herein, Plaintiff sampled and sold fabric

20  bearing the Subject Design B to numerous parties in the fashion and apparel

21  industries.

22  40. Following this distribution of product bearing the Subject Design B,

23  Plaintiff's investigation revealed that certain entities within the fashion and apparel

24  industries had misappropriated the Subject Design B, and were selling fabric and

25  garments bearing illegal reproductions and/or derivations of the Subject Design B.

26  41. Plaintiff is informed and believes and thereon alleges that, without

27  Plaintiff's authorization, the above-named Defendants, and certain DOE defendants

28

COMPLAINT

created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring designs which are identical to or substantially similar to the Subject Design B (hereinafter "Infringing Garment B"). Such garments include, but are not limited to, the following:

b. Garments sold or offered for sale by JCP; NORDSTROM; K&G; IDEELI; CONWAY; A&E; STEIN MART; TJX; 10 SPOT; MANDEE; BURLINGTON; CENTURY 21; STAGE; HANES; JOYCE; BOSCOVS; DISCOVERY; DILLARDS; NATIONAL; CATO; TILLYS; and DAFFYS, INC., under vendor Adj. Style Numbers 131332; 191332; 121332; 192134; 122134; 121319; 191332; 121332; 13761; 12761; 131406; 121406; 121320; 132407; 122407; or 141447. Plaintiff is informed and believes, and thereon alleges, that such Infringing Garment B was supplied by International Intimates, Inc. Below are true and correct images of a non-exclusive exemplar of one such garment:

| Infringing Garment B Exemplar |
| --- |



42. Comparing the images above with that of Subject Design B makes apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are substantially similar.

- 11 -

COMPLAINT

## CLAIMS RELATED TO DESIGN 7010

43. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design Number 7010 (hereinafter "Subject Design C"). This artwork is an original creation, and is, and at all relevant times was, owned exclusively by Plaintiff. A true and correct image of Subject Design C is provided below:

Subject Design C



44. Plaintiff applied for and received a United States Copyright Registration covering the Subject Design C.

45. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design C to numerous parties in the fashion and apparel industries.

46. Following this distribution of product bearing the Subject Design C, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design C, and were selling fabric and garments bearing illegal reproductions and/or derivations of the Subject Design C.

- 12 -

47. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, the above-named Defendants, and certain DOE defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring designs which are identical to or substantially similar to the Subject Design C (hereinafter "Infringing Garment C"). Such garments include, but are not limited to, the following:

c. Garments sold or offered for sale by JCP; NORDSTROM; K&G; IDEELI; CONWAY; A&E; STEIN MART; TJX; 10 SPOT; MANDEE; BURLINGTON; CENTURY 21; STAGE; HANES; JOYCE; BOSCOVS; DISCOVERY; DILLARDS; NATIONAL; CATO; TILLYS; and DAFFYS, INC., under vendor Adj. Style Numbers 131332; 191332; 121332; 192134; 122134; 121319; 191332; 121332; 13761; 12761; 131406; 121406; 121320; 132407; 122407; or 141447. Plaintiff is informed and believes, and thereon alleges, that such Infringing Garment C was supplied by International Intimates, Inc. Below are true and correct images of a non-exclusive exemplar of one such garment:

| Infringing Garment C Exemplar |
| --- |



COMPLAINT

48. Comparing the images above with that of Subject Design C makes apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are substantially similar.

49. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

50. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

51. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design A, B, and C (hereinafter collectively, the "Subject Designs"), including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Plaintiff for its customers.

52. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an

- 14 -

ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Designs, or were an illegal derivation or modification thereof.

53. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

54. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

55. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

56. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Designs in an amount to be established at trial.

57. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per

infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

58. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

59. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged herein.

60. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

61. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

62. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

COMPLAINT

63. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### ***Against All Defendants***

64. <u>With Respect to Each Claim for Relief</u>

 a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

 b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

 c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

 d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

 e. That Plaintiff be awarded pre-judgment interest as allowed by law;

 f. That Plaintiff be awarded the costs of this action; and

 g. That Plaintiff be awarded such further legal and equitable relief as the

- 17 -

COMPLAINT

1    Court deems proper.

2    PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

3    PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE

4    UNITED STATES CONSTITUTION.

5

6                                        DONIGER / BURROUGHS

7

8    Dated: January 27, 2015        By:    */s/ Scott A. Burroughs*
                                            Scott A. Burroughs, Esq.
9                                           Trevor W. Barrett, Esq.
                                            Attorneys for Plaintiff
10                                          KLAUBER BROTHERS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    - 18 -
                                  COMPLAINT